UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES NICHOLAS LYNN, | No. 2:17-mc-0027 TLN AC |
| Movant, | |
| v. | ORDER |
| SAJVEER SINGH, | |
| Respondent. | |

The underlying case here is a negligence action involving a traffic collision. See Lynn v. Dhindsa, 3:16-cv-0417 HDM WGC (D. Nevada). Movant suffered injuries and sued in Nevada state court. Defendant in the underlying action removed the case to federal court.

Respondent here is non-party Sajveer Singh. According to movant, the defendant in the underlying action testified at a deposition that respondent Singh "is in possession of the records that may demonstrate Defendant's compliance (or lack thereof) with federal safety and inspection regulations." ECF No. 1 at 2. Accordingly, Lynn subpoenaed Singh to produce the records. See ECF No. 1-1 (subpoena). Movant effected personal service on Singh on December 2, 2016 for a December 7, 2016 deposition. See ECF No. 1-3 at 2 ¶ 9 (Affidavit of Denise A. Bradshaw, Esq.). Singh did not appear to produce the documents, failed to request additional time, and offered no excuse for his non-compliance. See id. at 2 ¶ 10. Plaintiff tried to re-notice the subpoena, but

////

Singh indicated that his attorney advised him to evade service of the new subpoena. See id. at 2 ¶ 14.

Plaintiff moves to compel production of the requested records, and for attorney's fees. ECF No. 1. Singh has not responded to the motion.

## I. MOTION TO COMPEL

Plaintiff is entitled to discovery of "any nonprivileged matter that is relevant" to his "claim … and proportional to the needs of the case, … considering … the importance of the discovery in resolving the issues, and whether the burden … of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1). Plaintiff's discovery request here is relevant and proportional, and he has made the showing needed to compel compliance with the subpoena.

Plaintiff properly subpoenaed Singh to produce documents in Sacramento, where Singh works. Fed. R. Civ. P. 45(c)(1)(A); see ECF No. 1-3 (Affidavit of Denise A. Bradshaw, Esq.) at 1 ¶¶ 4, 5 (showing that Singh's place of business is in Elk Grove, West Sacramento or Sacramento, CA). The subpoena issued from the U.S. District Court for the District of Nevada, where the underlying case is pending. See ECF No. 1-1. The subpoena was personally served on Singh. See ECF No. 1-3 at 2 ¶ 9. Rule 37 authorizes plaintiff to move for an order in this court compelling Singh, a non-party, to provide the requested discovery. Rule 37(a). Plaintiff has included an affidavit showing that attempts to obtain the discovery without court action would be futile. See Rule 37(a)(1); ECF No. 1-3 ¶ 14.

In short, plaintiff has done everything needed to compel compliance with his subpoena. Non-party Singh has evaded all attempts to get the documents, has filed no response to the motion, and thus has offered no excuse for non-compliance with the subpoena. Plaintiff's motion will accordingly be granted.

## II. ATTORNEY'S FEES

Plaintiff is entitled to "reasonable" expenses, including attorney's fees. Rule 37(a)(5)(A). Plaintiff requests $3,000 in attorney's fees. ECF No. 1 at 3. However, he has not submitted anything to show that this request is "reasonable," as required by Rule 37(a)(5)(A). Plaintiff will accordingly be granted 30 days to make a proper showing of his entitlement to fees.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Non-party Singh shall APPEAR AND PRODUCE the requested documents as set forth in the subpoena issued November 17, 2017, within seven days of service of this order.

2. Plaintiff Lynn shall have thirty days from the date of this order to file a proper request for attorney's fees under Fed. R. Civ. P. 37.

DATED: March 8, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE